JIM MORGAN ELECTRIC COMPANY,

v.

SMITH et al.█

Court of Common Pleas of Ohio,
Franklin County.

No. 95CVH–09–6081.

Decided Dec. 10, 1996.

*Robert E. Giffin* and *Robert G. Kennedy,* for plaintiff.

*Kevin J. Reis,* for defendants Steven and Linda Smith.

*David W. Babner,* for defendant The Support Center, Inc.

*Robert G. Palmer,* for defendant The Mehan Company.

*Brent A. Stubbins,* for defendant First National Bank of Zanesville.

*Phillip Walther,* for Franklin County Treasurer.

---

ALAN C. TRAVIS, Judge.

This cause again comes before the court upon plaintiff's motion for reconsideration filed September 27, 1996. Defendants First National Bank of Zanesville and Steven T. Smith responded on October 1, and October 4, respectively.

Granting summary judgment in favor of the defendants on plaintiff's mechanic's lien claim the court found the following operative facts to be undisputed:

1. Defendant Smith recorded a written notice of commencement on or about June 28, 1994.

2. Plaintiff last performed work on the project on or about April 28, 1995.

3. Plaintiff recorded its notice of furnishing and mechanic's lien on or about June 15, 1995.

For those reasons more fully explained in the court's decision, the court was not persuaded by plaintiff's argument that the defendant's failure to include in the notice of commencement the date upon which the defendant first executed a contract with the original contractor excused the plaintiff's failure to exercise due diligence in the protection of plaintiff's mechanic's lien. Again, R.C. 1311.05(A) provides that every subcontractor or materialman who performs work

or furnishes material in furtherance of an improvement to real property and who wishes to preserve his lien rights provided by R.C. 1311.02 is required to file a notice of furnishing within twenty-one days after performing the first work or furnishing the first materials in connection with the improvement. This obligation is mandatory "if any person has recorded a notice of commencement in accordance with section 1311.04 of the Revised Code." R.C. 1311.05(A). Putting aside for the moment the question of what constitutes a proper notice of commencement, all that was required of plaintiff in this instance in order to preserve its mechanic's lien was to file a notice of furnishing within twenty-one days after performing the first work on the project. However, no notice of furnishing was filed until after plaintiff completed work on the project. It is undisputed that defendant's notice of commencement was filed on or about June 28, 1994. Therefore, plaintiff's duty to file a notice of furnishing within three weeks of performing the first work on the project was mandatory. However, plaintiff did not file the notice until June 15, 1995, approximately forty-eight days after it *last* performed work on the project.

Plaintiff attempts to remedy this situation by arguing that any technical omission in a notice of commencement excuses a lienholder of its responsibility to protect its lien. The court is not persuaded. It is undisputed that plaintiff did not attempt to determine whether a notice of commencement had been filed until after it had completed work on the project. If plaintiff had acted timely, or had conducted any investigation at all, it is clear that plaintiff would have discovered the notice of commencement filed by the defendant on June 28, 1994. In that case, even a late filing of plaintiff's notice of furnishing would have provided some protection for plaintiff's mechanic's lien. R.C. 1311.05(D). Because plaintiff never attempted to determine whether the notice of commencement had been filed, plaintiff cannot make the argument that it failed to record its notice of furnishing because it relied upon the defendant's failure to file. See R.C. 1311.04(R) and 1311.05(H). Again, plaintiff's excuse is that the defendant's failure to strictly comply with R.C. 1311.04(B), discovered after this dispute arose, justifies plaintiff's lack of diligence in preserving its rights. As explained above, however, R.C. 1311.05 places the duty on the lienholder to preserve the lien. Moreover, the court is not of the opinion that R.C. 1311.05's condition "if any person has recorded a notice of commencement in accordance with section 1311.04" requires strict and absolute compliance with R.C. 1311.04. This conclusion is supported by the plain language of R.C. 1311.04, which provides that a notice of commencement "substantially" complying with R.C. 1311.04(B) shall be filed, and by R.C. 1311.04(C), which provides that a lienholder's remedies should it discover that a notice of commencement contains incorrect information are available only if the "loss and expenses incurred are a direct result of the lien claimant's reliance on the incorrect information." In this case plaintiff was

required to file a notice of furnishing within twenty-one days of starting work. This obligation had nothing to do with the defendant's omission of the contract date in the notice of commencement. Moreover, the information contained in the notice of commencement is necessary only for the preparation and filing of plaintiff's affidavit for mechanic's lien. R.C. 1311.06, however, does not require that the affidavit for mechanic's lien contain the date upon which the first contract with the original contractor was signed, nor does it require any information which must be determined from that date. Thus, there can be no reliance upon the omission of this information that would cause the plaintiff to lose its lien rights or would prevent plaintiff from preserving those rights. See R.C. 1311.06(C). In addition, R.C. 1311.04(K) provides that a lienholder's remedy should the defendant fail to post the notice of commencement consists only in the recovery of the lienholder's actual expenses incurred in obtaining the information otherwise provided by the posting.

Therefore, upon reconsideration of plaintiff's position the court reaffirms its conclusion that there is no basis to require strict compliance in this instance in light of R.C. 1311.04(A)(1), which provides that the notice of commencement be filed in substantially the form specified in R.C. 1311.04(B).

Therefore, for the foregoing reasons, plaintiff's motion for reconsideration is denied.

Pursuant to Loc. R. 25.01, counsel for defendant Smith shall prepare and circulate an appropriate journal entry which reflects the result of this decision.

*Motion denied.*